IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NDUKWE UKAEGBU KALU, | : | |
|     Petitioner, | : | No. 1:10-cv-244 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES DEPARTMENT OF | : | (Magistrate Judge Blewitt) |
| HOMELAND SECURITY, BUREAU OF | : | |
| IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT, | : | |
|     Respondent | : | |

| | | |
|---|---|---|
| NDUKWE UKAEGBU KALU, | : | |
|     Petitioner, | : | No. 1:10-cv-1229 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES DEPARTMENT OF | : | (Magistrate Judge Blewitt) |
| HOMELAND SECURITY, BUREAU OF | : | |
| IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT, | : | |
|     Respondent | : | |

## MEMORANDUM ORDER

Pending before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Blewitt, (Doc. No. 14), which addresses Petitioner's petition for a writ of habeas corpus, (Doc. No. 1).[1] The Court will adopt the recommendation in part, and will write briefly to attend to the objections raised by Petitioner.[2]

---

[1] Pursuant to this Memorandum Order, the Court will consolidate Civil Action Number 1:10-cv-1229 with Number 1:10-cv-244. As a result, all cites to documents on the record are to Civil Action Number 1:10-cv-244.

[2] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation ("R & R"), the Court is to make a de novo determination of those portions of

1

Petitioner, who is a native and citizen of Nigeria, is presently a detainee in the custody of the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner's removal order became administratively final on October 30, 2009. On February 1, 2010, Petitioner filed a habeas petition with this Court, seeking release from prison on bond or parole or dismissal of all charges brought against him by ICE. In his objection, Petitioner contends that because ICE "ha[s] not yet secured [Petitioner's] traveling document[s] . . . there is no significant likelihood of [Petitioner's] removal in the near reasonably foreseeable future." (Doc. No. 15 at 3.) Petitioner contends that the Nigerian government has been "stonewalling or refusing to issue" any documents which would be needed to remove Petitioner, and that such refusals by Nigerian officials have occurred since removal proceedings commenced against him. (See id. at 4.)

Under 8 U.S.C. § 1231(a)(1)(A), the Attorney General has 90 days to remove an alien from the United States after his final order of removal. See Leslie v. Attorney General of the United States, 363 F. App'x 955, 958 (3d Cir. 2010). The Supreme Court has interpreted § 1231(a)(6) to "authorize post-removal order detention of an alien convicted of an aggravated felony to a period reasonably necessary to bring about the alien's removal, generally no more than six months." Id. (citing Zadvydas v. Davis, 533 U.S. 678, 700-01 (2001)). After that six month period, "'once the alien provides good reason to believe that there is no significant

---

the R & R to which objection is made. 28 U.S.C. § 636(b)(1).
    In this case, Document 15 on the Court's CM/ECF Filing system has been docketed as "Objection to the Report and Recommendations filed by plaintiff." (See Doc. No. 15.) Upon closer examination, Document 15 is actually a letter from Petitioner to the Chief Officer of the Headquarters Post Order Detention Unit in Washington, DC. (See id.) Because Petitioner is *pro se*, the Court has reviewed his letter to determine whether there are any arguments that can liberally be construed as objections to Judge Blewitt's report.

likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing.'" Id. (quoting Zadvydas, 533 U.S. at 701).

Regulations have been promulgated to meet the criteria set forth in Zadvydas. See 8 C.F.R. §§ 241.4, 241.13. Specifically,

> [p]rior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)[i]. When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F .R. § 241.13(d)(1).

Jallah v. U.S. DHS-ICE, No. 1:10-cv-0726, 2010 WL 1687109, at *1 (M.D. Pa. Apr. 26, 2010).

Judge Blewitt dealt directly with Petitioner's argument and found that Petitioner failed to "produce[] any evidence that his removal to Nigeria is unlikely to occur in the reasonably foreseeable future." (Doc. No. 14 at 14-15.) However, because regulations have been promulgated to provide HQPDU with jurisdiction to make a custody determination, it would be premature for the Court to undertake such a review. See Alhousseini v. Holder, No. 3:10-cv-1354, 2010 WL 2927697, at *2 (M.D. Pa. July 22, 2010) (finding that "all indications are that jurisdiction to make a determination concerning petitioner's custody would now lie with the [HQPDU]"); Jallah, 2010 WL 1687109, at *2 (same); French v. Ashcroft, No. 4:04-cv-1116, 2005 WL 1309062, at *3 (M.D. Pa. June 1, 2005) (referring case to HQPDU); see also Barenboy v. Attorney General of the United States, 160 F. App'x 258, 261 (3d Cir. 2005) (stating that if petitioner believed that he was unlikely to be removed in the near future, he may request DHS to

3

review his situation pursuant to 8 C.F.R. § 241.13, and then later file a habeas petition). In this vein, it appears to the Court that Petitioner has now made a filing requesting relief from HQPDU. (See Doc. No. 15). ICE will be ordered to treat the letter as a request for relief under 8 C.F.R. § 241.13.

**AND NOW**, on this 28th day of October 2010, upon consideration of Magistrate Judge Blewitt's Report and Recommendation and Petitioner's objections, it is **HEREBY ORDERED THAT** the report is adopted in part:

1. The above-captioned cases are consolidated into Civil Action Number 1:10-cv-244.

2. Petitioner's motion for a writ of habeas corpus is **DENIED**.

3. ICE shall treat the letter to HQPDU, (see Doc. No. 15), as a request for release under 8 C.F.R. § 241.13. ICE shall provide petitioner with a response to his request within 30 days.

4. The Clerk of Court is directed to close this case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania